DIXON *v.* COX.

MOORE, J., not sitting.

---

BRUCE DIXON v. WARREN COX AND WIFE, DOROTHY WHITE COX, AND PAUL CARMON.

(Filed 2 March, 1966.)

**Automobiles §§ 19, 41a—**

Evidence that defendant motorist was confronted with a vehicle approaching from the opposite direction, zig-zagging across the road, first on one side then on the other, that defendant slowed down and had his front wheel off the hard-surface to the right when the other vehicle crashed into his automobile, *held* insufficient to be submitted to the jury on the issue of defendant's negligence.

MOORE, J., not sitting.

APPEAL by plaintiff from *Parker, J.,* October 25, 1965 Civil Session, PITT Superior Court.

The plaintiff instituted this civil action to recover damages for personal injuries he sustained as a result of a collision between a Dodge automobile owned and being driven southwardly on N. C. Highway No. 11 in Pitt County by Paul Carmon, and a Buick owned by Warren Cox and being driven northwardly by his wife, Dorothy Cox. The collision occurred about 7:30 a.m. on August 4, 1965. The plaintiff was a guest passenger in Carmon's Dodge. He alleged his injuries were proximately caused by the joint and concurrent negligence of both drivers.

At the conclusion of the plaintiff's evidence, the court, on Carmon's motion, entered judgment of compulsory nonsuit and dis-

missed the action as to him. A mistrial was thereupon ordered as to the defendants Cox. The plaintiff excepted and appealed from the judgment in favor of Carmon.

*Gaylord & Singleton by L. W. Gaylord, Jr., for plaintiff appellant.*

*James, Speight, Watson & Brewer by W. W. Speight for defendant Paul Carmon, appellee.*

PER CURIAM. The only question presented is the sufficiency of the evidence to require the court to submit to the jury an issue of Carmon's negligence. According to the evidence of the plaintiff who was the only witness, Paul Carmon was driving south at 35 to 40 miles per hour on Highway No. 11 at 7:30 a.m. on August 4, 1964. A misty rain was falling. The surface of the highway was 20 feet wide. The shoulder on the west side was 10 to 12 feet wide, wet, and sloped downward slightly to a little ditch. The witness, in Carmon's vehicle, saw the Cox Buick approaching from the south when it was approximately 900 feet away. It "had run off the paved portion of Highway #11 on the right, or East side, and then it came back across the center line on the left side and it went back again over, actually, I don't know, how many times it zig-zagged across—it was going back and forth. . . . Carmon was on his right side of the center of the paved portion of the highway and never crossed the center line; that at the time of the accident the right front wheel of the Carmon car was off on the dirt shoulder. . . . The Carmon car had slowed down some," before the collision.

The defendant Carmon was driving 35-40 miles per hour and on his side of the road. As the Cox vehicle approached, out of control and zig-zagging across the road, first on one side—then on the other, Carmon slowed down and had a front wheel off to his right when the Cox Buick crashed into his Dodge, injuring the plaintiff. Should Carmon have gone to the wet and slippery shoulder and stopped? Or should he have slowed down, kept moving, and be in a position to evade the approaching vehicle which was visibly out of control? A still vehicle on the shoulder would be no less in danger than a moving one under the circumstances. Negligent conduct on the part of Carmon is not a permissible inference from the evidence offered. The judgment of nonsuit was proper, and is

Affirmed.

MOORE, J., not sitting.